# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                         )        I.D. No: 1708003010
v.                       )
                         )
MCGREGOR J. BERNADIN,    )
    Defendant.           )

Submitted: September 22, 2022
Decided: October 24, 2022

## ORDER DENYING DEFENDANT'S MOTION
## TO CORRECT AN ILLEGAL SENTENCE

AND NOW, this 24th day of October, 2022, upon careful consideration of McGregor J. Bernadin's ("Defendant") Motion to Correct an Illegal Sentence pursuant to Superior Court Criminal Rule 35(a), the sentence imposed upon Defendant, and the record in this case, it appears to the court that:

1.      On August 5, 2017, Defendant was arrested and charged with robbery in the first degree and conspiracy in the second degree. He pleaded guilty on January 3, 2018, to robbery in the second degree and the State entered a *nolle prosequi* on the remaining charges. Defendant was sentenced to five years supervision Level V with credit for eight days previously served, suspended for eighteen months supervision Level III.

2.      On March 14, 2019, this court found defendant in violation of his probation and sentenced him to four years eight months supervision Level V,

suspended after serving three months supervision Level V for one year supervision Level III.

3. This court again found Defendant in violation of probation on September 2, 2021, and sentenced him to four years three months supervision Level V, suspended for six months supervision Level III with GPS monitoring.

4. On May 27, 2022, this court found Defendant in violation of his probation for the third time and sentenced him to three years eight months supervision Level V, suspended for eleven months supervision Level V, with no probation to follow.

5. Defendant filed this pending Motion to Correct an Illegal Sentence on September 22, 2022. He argues that his May 27 sentence is illegal because it (1) exceeds the statutory limits; (2) violates double jeopardy principles; (3) is internally contradictory; and (4) is one that "the judgment of conviction did not authorize."

6. Pursuant to Superior Court Criminal Rule 35(a), the court may correct an illegal sentence at any time. Rule 35 is to be applied narrowly and is not intended to provide a mechanism to re-examine errors that occurred in trial or at other proceedings prior to sentencing.[1] The Rule allows for relief if the sentence imposed exceeds the statutorily authorized limits, violates Double Jeopardy, is ambiguous or

---

[1] *See, e.g., Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citation omitted).

internally contradictory, or if it is one that the judgment of conviction did not authorize.[2]

7. Contrary to Defendant's arguments, his sentence does not exceed the statutory limits. Defendant faced a suspended sentence of over three years of Level V time. I sentenced him to eleven months, which is substantially less than the maximum sentence Defendant faced.

8. The sentence does not violate Double Jeopardy. Defendant was sentenced on separate, new charges in Kent County. Defendant was still on probation in Sussex County on the robbery second degree charge, and he received the eleven months of Level V on that charge.

9. Defendant argues that his sentences are internally contradictory. It appears that Defendant is referring to the fact that he received six months Level V on the new charges in Kent County and a longer sentence on the violation of probation. The sentence I imposed for the violation of probation was appropriate and not contradictory. Defendant violated his Sussex County probation when he was arrested for felony-level driving under the influence in Kent County. He posted bond on both the new charge and on the violation of probation. After he posted bond, but before his violation of probation could be addressed in Sussex County, he was arrested again in Kent County after he was found with twenty-seven pounds of

---

[2] *Id.*

marijuana and $52,000.00 in cash. This violation was Defendant's third violation of probation. He was on probation for a violent felony. He also had several curfew violations. Considering all the above, I followed the probation officer's recommendation and imposed an eleven-month Level V sentence for the violation.

10.     Finally, Defendant argues 11 *Del. C.* § 4207[3] permits me to only impose a fine for a violation of probation. However, that Code section refers to potential sentences for the class of offenses set out in 11 *Del. C.* § 4203 known as violations— as distinguished from misdemeanors and felonies—not a violation of probation. For a violation of probation, it is well established that a court can impose any period of incarceration up to and including the balance of the Level V time remaining on a probationer's sentence.[4]

11.     Defendant's sentence is not illegal for the reasons set forth above. Therefore, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

*/s/Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

---

[3] 11 *Del. C.* § 4207 ("Sentence for violations. (a) The Court may impose a fine of up to $345 for the first offense of any violation, up to $690 for the second offense of that same violation and up to $1,150 for the third offense of the same violation; provided, that only violations which occurred within 5 years of the violation for which the sentence is imposed shall be considered in determining sentence.").
[4] *See* 11 *Del. C.* § 4334(c).